UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

DIDAR RASHID, and all others similarly situated

    Plaintiff,

vs.

S&HH 2018 LLC, d/b/a SO BEE FOOD MART, a Florida Corporation, NASEEM HUMAIR, individually, and SAEED MUHAMMAD, individually,

    Defendants.

_____/

# COMPLAINT

COMES NOW Plaintiff, DIDAR RASHID ("RASHID"), by and through his undersigned attorney, and hereby sues Defendants, S&HH 2018 LLC ("S&HH"), a Florida Corporation, NASEEM HUMAIR, individually, and SAEED MUHAMMAD, individually, and as grounds alleges:

## JURISDICTIONAL ALLEGATIONS

1.    This is an action to recover monetary damages, liquidated damages, interests, costs and attorney's fees for willful violations of overtime wages under the laws of the United States, the Fair Labor Standards Act, 29 U.S.C. §§201-219) ("the FLSA").

2.    Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

3.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because this action involves the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.*, a federal statute.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(c) and (d).

5. Defendant S&HH is a Florida corporation which regularly conducted business within the Southern District of Florida as a convenience store.

6. S&HH is and, at all times pertinent to this Complaint an enterprise engaged in commerce, as it had two or more employees on a regular and consistent basis handle goods and/or materials that had moved in interstate commerce. Specifically, RASHID and at least one other employee of S&HH would routinely handle food products, food cooking equipment, and food handling tools. The food products, food cooking equipment, and food handling tools cell phone, their individual parts, accessories, and tools handled by RASHID and at least one other employee handled on a regular and consistent basis, had travelled in interstate commerce. Furthermore, S&HH, by and through their employees, obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business and transmits funds outside the State of Florida.

7. S&HH purchased SO-BEE, INC. on or around April 6, 2018 and continued operating the business. Upon information and belief, the annual gross sales or business done of SO-BEE, INC. was at all times material hereto in excess of $500,000.00 per annum. SO-BEE, INC.'s gross annual sales or business done was in excess of $500,000, for the year of 2017. Upon information and belief, S&HH had gross annual revenue in excess of $250,000, during the first half of 2018. Upon information and belief, the gross annual revenue for S&HH is expected to exceed $500,000.00 for the year of 2018 or in the first 12 months of operation.

8. By reason of the foregoing, S&HH is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s) and/or Plaintiff is within interstate commerce.

9. The individual Defendant, SAEED MUHAMMAD, is an "employer," as defined in 29 U.S.C. § 203(d), as he has operational control over the Defendant corporation and is directly involved in decisions affecting employee compensation and hours worked by employees such as Plaintiff and opt-in plaintiffs. Defendant SAEED MUHAMMAD controlled the purse strings for the corporate Defendant. Defendant SAEED MUHAMMAD hired and fired employees, determined the rate of compensation and was responsible for ensuring that employees were paid the wages required by the FLSA.

10. The individual Defendant, NASEEM HUMAIR, is an "employer," as defined in 29 U.S.C. § 203(d), as he has operational control over the Defendant corporation and is directly involved in decisions affecting employee compensation and hours worked by employees such as Plaintiff and opt-in plaintiffs. Defendant NASEEM HUMAIR controlled the purse strings for the corporate Defendant. Defendant NASEEM HUMAIR hired and fired employees, determined the rate of compensation and was responsible for ensuring that employees were paid the wages required by the FLSA.

## COUNT I: UNPAID OVERTIME WAGES

11. Plaintiff re-alleges and re-avers paragraphs 1 through 10 as fully set forth herein.

12. Plaintiff was employed by the Defendants as a non-exempt retail clerk/cashier who performed his duties within South Florida.

13. Plaintiff was employed from on or about April 12, 2018 through June 8, 2018.

14. Plaintiff was paid a rate of $12/hr. Plaintiff was not paid any wages when he worked more than 40 hours.

15. Plaintiff worked approximately 74 – 84 hours per week.

16. Defendants were required to pay Plaintiff overtimes wages. Plaintiff was not paid overtime wages at a rate of time and one half, when he worked more than 40 hours per week.

17. Plaintiff was not paid any wages when he worked more than 40 hours per week. Accordingly, Plaintiff claims the time-and-a-half rate for each hour worked over 40 hours weekly.

18. The FLSA requires that employees be paid overtime hours worked in excess of forty (40) hours weekly at a rate of time-and-one-half the regular rate. At all times material hereto, Defendants failed to comply with Title 29 U.S.C. § 201-219 and 29 C.F.R. §516.2 and §516.4 et seq. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendants to properly pay him at the rate of time and one-half for all hours worked in excess of forty (40) per workweek as provided in the FLSA.

19. Defendants knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act. Defendants were aware of Plaintiff's work schedule and further aware that Plaintiff was working more than 40 hours per week. Defendants were aware of Plaintiff's pay records and the rate that he was being paid for his hours. Upon information and belief, Defendants pay other employees in the same manner. Despite Defendants' having knowledge of Plaintiff's hours and their failure to pay overtime wages, Defendants did not change its pay practices and continued to fail to pay Plaintiff, and those similarly situated, the overtime wages he is due. Thus, Defendants continue to willfully violate the FLSA despite having been sued for overtime wages.

20. The similarly situated individuals are those individuals whom were employed by the Defendants as retail employees / cashiers, like the Plaintiff, and whom were not paid overtime wages.

21. Plaintiff has retained the law offices of the undersigned attorneys to represent him in this action and is entitled to award of reasonable attorney's fees.

WHEREFORE, Plaintiff requests compensatory and liquidated damages, and reasonable attorney's fees and costs from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiff's entire employment period with Defendants, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs.  In the event that Plaintiff does not recover liquidated damages, then Plaintiff will seek an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

## JURY DEMAND

Plaintiff and those similarly-situated demands trial by jury of all issues triable as of right by jury.

Dated: July 3, 2018

Law Office of Daniel T. Feld, P.A.
*Co-Counsel for Plaintiff*
2847 Hollywood Blvd.
Hollywood, Florida 33020
Tel: (954) 361-8383
Email: DanielFeld.Esq@gmail.com

*/s Daniel T. Feld*
Daniel T. Feld, Esq.
Florida Bar No. 37013

Mamane Law LLC
*Co-counsel for Plaintiff*
10800 Biscayne Blvd., Suite 350A
Miami, Florida 33161
Telephone (305) 773 - 6661
E-mail: mamane@gmail.com

*s/ Isaac Mamane*
Isaac Mamane, Esq.
Florida Bar No. 44561